UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL NO. 3:07CR-132-R
CIVIL ACTION 3:10CV-515

CHAD SOCOLOVITCH,                                          PETITIONER/DEFENDANT,

vs.

UNITED STATES OF AMERICA,                                  RESPONDENT/PLAINTIFF.

**MEMORANDUM OPINION**

Chad Socolovitch, the Defendant ("Defendant"), has filed a Motion to Vacate due to ineffective assistance of counsel under 28 U.S.C. § 2255. Docket #63. The Government has filed a response. Docket #65. The Defendant has filed a reply. Docket #67. This matter is now ripe for adjudication. For the following reasons, the Defendant's Motion to Vacate is DENIED.

**FACTS**

The Defendant was indicted by a grand jury on five-counts of mail fraud stemming from a scheme to defraud purchasers of wrestling rings. Pursuant to a written plea agreement, Defendant entered a plea of guilty to all 5 of these counts. The Government agreed to recommend a sentence on the low end of the sentencing guideline range. In addition, the loss caused by Defendant was projected to fall somewhere between $70,000 and $80,000 dollars, placing Defendant on the low end of the 8 point sentencing increase for a loss involving between $70,000 and $120,000. Accordingly, the government also agreed to stipulate that the loss was in the $30,000 to $70,000 range, resulting in only a 6 point increase, if Defendant brought a $2,000 initial restitution payment to the sentencing

hearing.

At the sentencing hearing, the actual loss calculated by the Government was $63,570.50. Accordingly, the portion of the plea agreement that allowed Defendant to fall within the $30,000 to $70,000 range upon payment was moot. Defendant argued that he should be sentenced in the $10,000 to $30,000 range if he paid the $2,000, but both the prosecutor and this Court rejected that interpretation. The Government then offered to prove the loss calculation by offering testimony of an investigator that had made contact with every reported victim but one. The remaining victim's loss was established by a complaint to the Better Business Bureau and bank account records. Defense counsel agreed to stipulate that the investigator would establish, by hearsay, the amount of loss the government claimed. Defense counsel then argued the unreliability of hearsay evidence and asked this Court to take that under consideration when determining a sentence. Defense counsel also argued that there was evidence to show some wrestling rings were built and that the Defendant had special circumstances warranting a sentence of probation. This Court noted the Defense counsel's arguments and sentenced Defendant to 5 months imprisonment, and 3 years of supervised release, with the first 5 months of supervised release to be served under home detention. Defendant was also ordered to pay $63,575.50 in restitution. Defendant appealed his sentence and it was affirmed on appeal.

Defendant then filed this action under 28 U.S.C. § 2255 to vacate his sentence. Defendant claims that his 6th Amendment Right to Counsel was violated by the ineffective assistance of his appointed counsel.

## **STANDARD**

Under 28 U.S.C. § 2255, this Court is authorized to vacate a sentence and discharge or

resentence the Defendant if it finds that there was a constitutional violation. The Sixth Amendment guarantees the right to counsel at all "critical stages" of a criminal prosecution. *United States v. Wade,* 388 U.S. 218, 224, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Both plea negotiations and sentencing are critical stages of a criminal prosecution and the defendant is entitled to the effective assistance of counsel at both. *King v. Bobby*, 433 F.3d 483, 490 (6th Cir. 2006).

To set aside a conviction or sentence based on ineffective assistance of counsel, a defendant must show that (1) "the counsel's representation fell below an objective standard of reasonableness" and (2) "that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)) (applying the two prong test to the plea process); *see also Wong v. Belmontes*, 130 S.Ct. 383, 384 (2009) (applying the two-prong test to the sentencing phase). "At all points, [j]udicial scrutiny of counsel's performance must be highly deferential" because of the "variety of circumstances . . . and the range of legitimate decisions regarding how best to represent a criminal defendant." *Id.* at 384-385 (alteration in original).

## DISCUSSION

The Defendant takes issue with his counsel's actions during the plea bargaining phase and leading up to and during the sentencing hearing. Defendant contends that his counsel should have (1) refused to stipulate to the government's loss testimony and then cross examined the government witness on loss; (2) presented the Presentence Report and additional mitigating evidence at the sentencing hearing; (3) advocated the most advantageous theories of the case according to the Defendant; (4) adequately protected the defendants interests during plea negotiations; and (5) taken tactical advantage of the ability to dismiss the indictment, demand a jury trial, and dismiss for

violation of the Speedy Trial Act. The Defendant also feels that irreconcilable differences between the Defendant and his counsel led to the ineffective assistance in some of these instances.

This Court finds that Defendant's counsel was effective. Defendant's representation did not fall below an objective standard of reasonableness; nor did any potential errors by counsel prejudice the Defendant.

**I. Stipulating to the Testimony that Established the Government's Loss Values**

The Defendant first contends that stipulating to the investigator's loss testimony essentially acquiesced to the government's calculation and forfeited the opportunity to conduct meaningful adversarial testing of the prosecution's case. The Defendant cites to *United States v. Cronic*, 466 U.S. 648 (1984), to support his contention that a lack of adversarial testing is ineffective assistance of counsel. *Cronic* states that for counsel to be effective, they must be prepared for and engaged in the adversarial process. *Id.* at 659. Only in circumstances negating counsels preparation or effectiveness can counsel be presumed ineffective without looking into the actual trial performance. *Ibid.* In this case, the defense counsel had been with the Defendant throughout the proceedings. The defense counsel properly stated his objections to the hearsay nature of the testimony following the stipulation and argued as to why the hearsay testimony should be accorded little weight. In addition, nothing limited counsel's ability to engage in the adversarial process. Accordingly, nothing in this case qualifies for the presumption of ineffectiveness and the actual trial performance must be examined. The Defendant fails to provide this Court with any meaningful cross-examination that his attorney did not conduct. Since the government investigator personally contacted all but one of the plaintiffs, the only cross examination available would have centered around the hearsay nature of the testimony, which defense counsel properly raised following the stipulation. The remaining

victim not contacted by the investigator was verified by a Better Business Bureau complaint and bank records, and cross examining the investigator on these exhibits would have served no purpose. Without some missed ground of cross examination, the decision to forego cross examination was not unreasonable and no prejudice could have resulted to the Defendant. Because there is nothing to indicate that defense counsel's decision to stipulate to the investigator's testimony was unreasonable or prejudicial, it did not result in ineffective assistance of counsel.

## II. Failure to present Mitigating Evidence and the Presentence Report During Sentencing

Defendant also contends that his counsel was ineffective due to his failure to introduce the Presentence Report and present mitigating circumstances at sentencing. Defendant claims that evidence in the Presentence Report would have helped at the sentencing and was not introduced by defense counsel. However, the evidence from the Presentence Report that Defendant desired to use was updated by the testimony at sentencing. Accordingly, there was no tactical advantage to gain from admitting the Presentence Report that was not gained when defense counsel directly challenged the testimony by the government at the sentencing hearing. Defendant also claims that he provided mitigating evidence that his counsel did not use. However, defense counsel did inform the Court of the mitigating evidence about which the Defendant complains. Docket #51, pg. 5. The Defendant claims that he had additional exhibits to demonstrate that his counsel's statements of the mitigating factors were true, but "the failure to present additional mitigating evidence that is merely cumulative of that already presented does not rise to the level of a constitutional violation." *Nields v. Bradshaw*, 482 F.3d 442, 454 (6th Cir. 2006). "To establish prejudice, the new evidence . . . must differ in a substantial way . . . from the evidence actually presented at sentencing." *Ibid.* Because the additional evidence is only cumulative, it cannot be the basis of an ineffective assistance of counsel

claim. In addition, most of the mitigating evidence was irrelevant to the amount of loss since the government only submitted verified losses. One example is receipts Defendant wanted to introduce to show some wrestling rings ordered by customers were actually constructed and delivered. However, Defendant provided no additional evidence to show that the victims and losses proven by the government were those provided with wrestling rings. Without something else, construction of wrestling rings alone does not mitigate the losses shown by the government. Because the Presentence Report and mitigating evidence were available to this Court or irrelevant to the losses proved by the Government, counsel was not ineffective at the sentencing hearing and no prejudice resulted.

### III. Failure to Advocate the Most Advantageous Theory of the Case.

Next, the Defendant claims that his counsel disregarded two potential theories of the case. The Defendant claims that his counsel should have demonstrated that pre-indictment delay prejudiced the Defendant and that the Defendant acted in good faith throughout his fraudulent behavior. To the extent possible given the confession of guilt at the change of plea hearing, defense counsel did address these issues during sentencing. Docket #51, pg. 5-6. Counsel mentioned that some records were difficult to find due to the delay and that some evidence showed that the business venture started as a legitimate enterprise before becoming fraudulent. *Ibid.* Counsel also mentioned that the business appeared to initially operate in good faith. *Ibid.* However, the majority of the Defendant's good faith argument is contradicted by his change of plea hearing, where the Defendant stated that he had an intent to defraud. Docket # 52, pg. 18-19. While the Defendant states that this admission was only because of the advice of his counsel, the Defendant clearly established before this Court that he was competent to read and understand the plea and waive his constitutional rights

before proceeding with the plea. This after-the-fact claim is therefore without merit.

### IV. Counsel did not Adequately Protect the Defendant's Interests During Plea Negotiation

The Defendant also states that counsel was ineffective because he did not ensure a 2 level reduction in exchange for a $2,000 restitution payment. However, the plea agreement, to which the Defendant agreed, clearly laid out the terms the prosecution was offering. Docket # 34. The agreement was also carefully explained at the change of plea hearing. Docket # 52, pg. 14. If the Defendant was unhappy with the agreement, or if he felt that his interests were not being protected by counsel, he should have declined the plea or so informed this Court. Accordingly, this argument is without merit.

### V. Counsel Failed to take Tactical Advantage of Available Motions

The Defendant claims that defense counsel should have filed a motion to dismiss, pushed the case more quickly towards a trial, or filed a motion to dismiss based on the Speedy Trial Act. The Defendant has provided no grounds for a motion to dismiss which means any such motion would be frivolous. "Failing to file a frivolous motion does not constitute ineffective assistance of counsel." *Goldsby v. United States*, 152 Fed. Appx. 431, 438 (6th Cir. 2005) (unpublished decision). In addition, all of these issues occurred before the change of plea hearing, at which point the Defendant stated that he was fully satisfied with the advice of his attorney. Docket #52, pg. 6. After deciding that he would prefer to avoid his supervised release rather than serve it, the Defendant cannot then go back and attack his own statements. Accordingly, these claims are also without merit.

## CERTIFICATE OF APPEALABILITY

Finally, this Court must determine if the Defendant is entitled to a Certificate of Appealability. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Mcdaniel*, 529 U.S. 473, 484 (2000). The arguments presented by Defendant either fall well within the bounds of established precedent or are wholly without merit. Accordingly, a Certificate of Appealability should not issue in this action.

## CONCLUSION

Defense counsel worked hard to get the Defendant a favorable plea. Defense counsel also vigorously argued at sentencing most of the very same issues that the Defendant now claims this Court did not consider. It was brought to this Court's attention that wrestling rings were delivered and that witnesses and statements were available to prove that wrestling rings were delivered. It was also brought to this Court's attention that the indictment was filed very close to the statute of limitations. Defense counsel argued that Defendant was entitled to the reduction for bringing in $2,000, despite clear language in the plea agreement to the contrary. In conclusion, it is this Court's opinion that Defense counsel's performance was reasonable and no prejudice resulted for any potential errors and there is therefore no merit to the ineffective assistance of counsel claim. Additionally, because there is no basis for reasonable jurists to find this opinion debatable or wrong, a Certificate of Appealability should not issue in this action.